NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-504

DENNIS M. CLOHERTY

vs.

WATERSTONE WAKEFIELD LLC & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Dennis Cloherty, appeals from a 2025 order of a Land Court judge denying a motion to "re-open" a complaint that had been dismissed with prejudice in 2020. We affirm.

On January 29, 2020, the plaintiff filed a complaint against Waterstone Wakefield LLC, a local town board, and a number of municipal officials. On May 27, 2020, a first judge dismissed the complaint against three defendants, and on November 4, 2020, after repeated and unsuccessful attempts by the plaintiff to amend the complaint, the first judge dismissed

---

[1] Zoning board of appeals of Wakefield, chairman of the town council of Wakefield, town director of assessments, and town administrator.

the complaint with prejudice as to the remaining defendants. The plaintiff did not appeal either dismissal order.

Over sixteen months after the case came to an end, the plaintiff filed several unsuccessful motions. The first judge denied a motion for relief from judgment (March 23, 2022), took "no action" on a document styled, "Rule 62 (b) Stay of Proceedings" (March 28, 2022), and denied a motion for reconsideration of the denial of the motion for relief from judgment (August 2, 2022). The plaintiff did not appeal from any of these decisions.

On March 4, 2025, more than four years after the first judge dismissed the complaint with prejudice, the plaintiff filed a motion to "re-open" the case. In an accompanying affidavit, the plaintiff claimed that he did not receive notices of prior court decisions (entered on the docket in March and August 2022 as listed above), and he alleged "seeming fraud committed by the defendants on the special master, the court, and myself." On March 7, 2025, a second judge denied the motion, summarizing the procedural history of the case, and noting that the plaintiff's claims about lack of notice were contradicted by the record. In particular, the judge noted that the motion alleged concerns with a "Special Master's Report" but "no Master was ever appointed in this case." The judge

2

concluded, "The court finds no discernible basis in plaintiff's motion or accompanying filings to justify reopening this closed matter."  The plaintiff filed a notice of appeal on March 13, 2025.

The second judge generously viewed the plaintiff's motion to "re-open" the case as a motion for relief from judgment even though the plaintiff expressly invoked Mass. R. Civ. P. 53 (g), as amended, 386 Mass. 1237 (1982), pertaining to the filing of a report by a master.  A trial court judge "may relieve a party or his legal representative from a final judgment, order, or proceeding."  Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974).  "A motion for relief under rule 60 (b) is directed to the sound discretion of the motion judge, and we review the judge's ruling for abuse of discretion."  Nortek, Inc. v. Liberty Mut. Ins. Co., 65 Mass. App. Ct. 764, 775 (2006).  We discern no abuse of discretion.

As the second judge indicated, the record did not support the plaintiff's assertions.  No master had been appointed, leaving the primary justification for the plaintiff's motion unmoored to any proceedings in this case.  Similarly, as to the plaintiff's claim that he did not receive notice of three prior orders, the judge noted, and we confirmed, that the docket entries, the plaintiff's own filings, and especially his motion

3

for reconsideration "contradicted" his claim that he did not receive notice of the court decisions. We "defer broadly" to the judge's informed discretion in denying relief" (citation omitted). Cahaly v. Benistar Prop. Exch. Trust Co., 451 Mass. 343, 362 (2008) (citations omitted). Even if the plaintiff lacked notice of the prior orders from March and August 2022, he failed to show how such lack of notice had any bearing on his deficient complaint (and two proposed amended complaints) that the first judge concluded "failed to state a claim upon which relief could be granted, asserted claims that the plaintiff did not have standing to assert, and did not comply with Mass. R. Civ. P. 8 (a)."

We also note that the plaintiff missed numerous opportunities to appeal from adverse decisions by the first judge. Relief under "[r]ule 60 is not a substitute for the normal appellate process." Jones v. Boykan, 464 Mass. 285, 291 (2013), quoting J.W. Smith & H.B. Zobel, Rules Practice § 60.1, at 364 (2d ed. 2006).

The plaintiff's failure to pursue appellate remedies with normal vigilance does not constitute the requisite extraordinary

4

circumstances required for relief under rule 60.  See <u>Jones</u>, 464 Mass. at 291.

<u>Order dated March 7, 2025,</u>
<u>denying relief, affirmed</u>.

By the Court (Rubin, Grant & Hodgens, JJ.[2]),

Clerk

Entered:  February 18, 2026.

---

[2] The panelists are listed in order of seniority.